I'd like to reserve four minutes for rebuttal, please. Good morning, Your Honors. May it please the Court, all parties assembled. My name is Christina Widener-Tafts, and I represent Warren Brooks in the appeal before the Court. Mr. Brooks pled to a single transaction involving 12.25 grams of heroin and was sentenced based upon a package delivered to another individual, a corroborating witness who testified against Mr. Brooks, before the grand jury where there was apparently no return of a true bill, and then again at sentencing. There were references to that, and I was puzzled. Is there anything in the record that reflects that or demonstrates that? Well, they made a presentment, and there wasn't an indictment. What record reference can you point me to? The government disclosed prior to his testimony at sentencing his grand jury testimony, which mirrored his testimony at sentence and related to the heroin package. Mr. Fry was the witness, and it related his testimony before the grand jury, was only in reference to that package. He had nothing to do with the offense of conviction as to which Mr. Brooks had admitted guilt, which was an unrelated, separate, small transaction involving heroin. So the fact that the government presented Mr. Fry as to that package to a grand jury, we can assume that there was a presentment. I have to stop you. You're assuming something that the record does not actually disclose. You may argue there's an inference there, but I'm not so clear that inference can be properly drawn. Well, the government, in their answering brief, indicated that whether or not there was a presentment and no true bill was of no moment. So they've conceded and are allowing the panel to assume that there was a grand jury presentment and no true bill returned. So based upon those facts, that's what distinguishes this case from many of the other cases before the Ninth Circuit where relevant conduct is brought in at sentencing to enhance a defendant's sentence. And in this case, really, the relevant conduct is the tail that wags the dog because the package was significantly more than the admitted conduct, was at a different time and place, involved different players, and furthermore, enhanced his exposure under the guidelines from 15 months to 150 months. That's the low end. So tenfold. It enhanced his exposure tenfold. Here's the question I have. That's the end result, but in the plea agreement, he acknowledges that he could be sentenced for up to 20 years. Yes, but... Far less than that. So I'm having some trouble where he knows that that is the outer end and he nonetheless makes the plea. Well, part of the Rule 11 plea colloquy requires that the court ensure the defendant has discussed the sentencing guidelines and their application to him in the case with his attorney. And the thing that distinguishes this case from many of the other cases relied upon by the government is that the government actually had in its possession the evidence that they intended to rely upon at sentencing because they'd already made this grand jury presentment and they did not disclose it to the defense attorney until after the plea. And so similar to a Brady v. Maryland situation, the defendant's attorney didn't have the effective tools to guide him in his decision to make the plea because she didn't have the discovery. The follow-on principle from what you're arguing is that the government would need to disclose at the time of the plea potential relevant conduct. Is that your argument? Well... Because that would be a very new rule. It would be a very new rule, Your Honor. And perhaps difficult to follow, but due process may require it, especially under circumstances such as this, where it's essentially an end run around a grand jury presentment and proof beyond a reasonable doubt. The government, if they did not get a true bill, which they're allowing us to assume by their briefing, couldn't make the case. Well, they don't need proof beyond a reasonable doubt to get an indictment from the grand jury. And we have a district judge here who was persuaded, I guess, to the clear and convincing standard. So why are we digging back beyond the district judge's finding to speculate as to what a grand jury may or may not have found at a lower burden of proof? Because I think that the government shouldn't be permitted to make a presentment to a grand jury that does not reach a probable cause level and then essentially hide the ball and not disclose that evidence. You're trying to inject as a qualifier or a limit on what the district court can find your inference as to what the grand jury may have done previously based on who knows what record. I think we have the factual finding from the district court. You can attack that directly. I don't really hear that attack. So why is it we should set that factual finding aside and on inference or speculation or whatever else say, no, the district court can't do that because the grand jury earlier didn't do something else. Because, Your Honor, that relates to whether or not the plea was knowing and voluntary. Well, your client was well aware of the other transaction. Even your brief acknowledges you describe it as heavily redacted. But you'd receive material from the government relating to the other transaction. So it wasn't a bolt out of the blue. You may have thought that, well, they're not going to be able to prove that. But it wasn't unknown to you, even if there was a requirement to inform your client, it wasn't unknown that this other transaction was on the radar. Well, the evidence that they intended to rely upon was highly relevant to the defendant's decision whether to plead or not. And it wasn't disclosed. And so similar to a Brady violation or even material evidence. That's a new rule. That's what I asked you. I mean, do you have a case or anything where that's ever been imposed in terms of an obligation? No, I don't. But this smacks of manifest injustice in that a gentleman with an IQ of 68 was advised by an attorney that didn't have the benefit of all the evidence that the government had already presented and intended to rely upon at sentencing and essentially made an end run around the requirements of an indictment and a jury finding beyond a reasonable doubt in order to significantly enhance his sentence tenfold at sentencing. I'll reserve the rest of my time. Thank you. Good morning, Your Honors. May it please the Court. I'm Seth Brickey representing the United States in this matter. At the outset, Your Honor, I think it's important to understand that Mr. Brooks was made aware of the evidence the government had against him implicating him in the 2018 November package delivery of seven kilograms of heroin. As Mr. Brooks concedes in his brief, the government provided a redacted report summarizing the inquiry. Pretty heavily redacted. Your Honor, it was heavily redacted in the sense that the cooperating witness's name was redacted and there were certain agent's notes that were redacted. However, the core of that report, which indicated that Mr. Brooks, identified by name and his alias, G. N. Gorilla, was implicated in the delivery, orchestrating the delivery and the receipt of nearly seven kilograms of heroin in November of 2018. Mr. Brooks and his defense counsel were alerted to the fact that the government had evidence of this transaction, separate and aside from the evidence they had to the transaction he pled guilty to. The government did not obfuscate or attempt to hide the fact that they knew this transaction occurred. In fact, I think they gave that report when they may have not even been required to. To the extent that Mr. Brooks is arguing that his defense counsel was ineffective for failing to advise him or failing to appreciate the nature of this evidence or how it might affect his sentencing range, that defense counsel misapprehended Mr. Brooks' exposure or didn't review this document, that's an inappropriate claim to raise on direct appeal, Your Honor. In light of Geronimo, I don't think this is a case where on direct appeal we can make any determination as to counsel's effectiveness besides Mr. Brooks' statement during his plea colloquy that he was satisfied with his legal representation, that he had provided all information relevant to his defense counsel. But what the record on direct appeal does make clear, Your Honor, is that Mr. Brooks was fully advised of the direct consequences of his guilty plea. As the Supreme Court in Brady v. United States held that where a defendant is fully aware of the direct consequences of his guilty plea, it must stand absent threats, misrepresentation, or improper promises such as a bribe. Here the courts did... It's pretty clear they were surprised not only at the evidence but the ultimate sentence imposed. And when that happened, you say, well, if you didn't anticipate that, why didn't you? And maybe you're right, it is the subject of a 2255 motion. But they clearly did not believe that they were going to get that, or he didn't believe he was going to get that sentence. Your Honor, I'm not sure. It is clear from this record what Mr. Brooks subjectively believed about whether he was aware of relevant conduct possibility or what his attorney advised him was a likely sentence in this matter. We don't know that from this record. However, it's reasonable to assume that perhaps someone in Mr. Brooks' situation would be surprised at the exposure that he ultimately saw at sentencing. However, the fact that he received a sentence that was harsher than he expected or that he received a sentencing guideline range that was higher than he expected is not a basis to withdraw the plea as this Court has articulated in Shaw, especially when he had been previously advised that by pleading guilty, he could possibly be sentenced up to 20 years for the offense to which he pled. Is it true that the sentence imposed was less than half of the range, even considering this other transaction? Correct, Your Honor. The range that he was advised of was 151 to 181 months, and he received 72. 72. And not from a judge who's widely known as soft on defendants. Does that suggest that maybe the district court looked at this and thought there was something a little odd or squirrely here, and so the lesser sentence in this context with this range might be understood to reflect the district court's concern about how he'd gotten there? I don't. The district court certainly didn't make comments to that effect at sentencing, Your Honor. The district court's determination on what an appropriate sentence would be, as Your Honors know, requires a fulsome analysis of both the defendant's characteristics as well as the nature of the offense. I don't know if there was something in the defendant's story or allocution that the district court found particularly persuasive, but I don't necessarily think that the lower sentence that Mr. Brooks received in this context is an indictment of the clear and convincing evidence finding that the district court made. Your Honors, as to the Brady violation being alleged, or the Brady-esque theory that Mr. Brooks is purporting, this wasn't Brady material, Your Honors. Of course, Brady v. Maryland requires the government turn over all evidence favorable to the defendant as it relates to the punishment or the guilt of that accused. The district court in this court in Sanchez held that Brady material must be provided in advance of a plea in order to assure that it is voluntary. But here the evidence that was ultimately provided to Mr. Brooks ahead of his sentencing was not Brady material as to the crime that he pled guilty to, that 12.25-gram transaction of heroin. It could have come up certainly in that trial as 404B evidence or something to that effect, but it was not exculpatory, and Brooks has not identified anything exculpatory in the evidence that he was provided ahead of sentencing as related to this November 2018 parcel. Furthermore, it wasn't material. As the court analyzed in Sanchez, to determine materiality, it's an objective test to determine whether there is a reasonable possibility that but for the failure to disclose Brady material, the defendant would have refused to plead guilty and would have gone to trial. So what Mr. Brooks would need to show is that had he been aware of this November 2018 parcel evidence, he wouldn't have pled guilty to the 12.25-gram transaction to an undercover officer. That's not realistic, Your Honor. While Mr. Brooks may have subjectively chosen to roll the dice in light of the harsher sentence, the objective test in Sanchez, I think, belies the materiality of this evidence as to the charge that Mr. Brooks pled guilty to. Your Honor, I think it's important also to recognize that the clear and convincing finding that the court made during sentencing, I don't think the court reaches the merits in this case because if the government is correct and Mr. Brooks' plea was voluntary, his appellate waiver should be upheld and the court need not reach the merits in this case. However, if Mr. Brooks is correct and this evidence should have been turned over prior to his plea and his plea was indeed knowing, unintelligent, or involuntary, then his plea should be vacated and we go back to square one and we still don't reach the merits of the court's sentencing decision. So unless the court has particular questions about the district court's factual findings at sentencing, I would ask the court to dismiss this case based on the appellate waiver and the alternative affirmed. Thank you, counsel. We'll hear rebuttal. Thank you. The counsel mentions an ineffective assistance claim, but the difference here is that the attorney that advised Mr. Brooks as to the plea did not have all the evidence that the government intended to rely upon to enhance his sentence. So unlike the attorney in Shaw that gave a bad guess, apparently, bad advice about priors and their effect on his enhanced sentence, that attorney had all the information. The government wasn't holding anything back that they intended to rely upon. This isn't an ineffective assistance. This is the fact that the attorney couldn't properly advise Mr. Brooks whether he should plead or not and what his likely range of punishment might be, because although the guidelines are advisory, they still drive the bulk of the sentencing decisions of the district court and are extremely important in a defendant's decision whether or not to plead. And so the fact that the government did not turn over that evidence makes it so you can't just say, oh, this was a bad guess on the part of the defense attorney. The defense attorney didn't have all the tools necessary to properly advise Mr. Brooks so that he could enter a knowing and voluntary waiver of his substantial rights, including his right to trial and his right to appeal. What was the attorney supposed to make of the heavily redacted disclosure made by the government about the other transaction? That they think you're involved with this other package, but we don't know who's saying it and we don't know whatever other evidence there is. I would think that an attorney ñ well, I wasn't the attorney, but I would think you are going to advise them whether they can meet their clear and convincing evidence standard at sentencing, and based on a heavily redacted report I don't think you can properly advise your client, and an improperly advised client is not knowingly and voluntarily waiving their rights. Thank you, Your Honors. Thank you. Thank you both for your arguments this morning. The case just argued will be submitted for decision.
judges: THOMAS, McKEOWN, CLIFTON